## Ex Parte IKE FOISTER.

### Division Two, May 14, 1907.

1. **PAROLE OF PRISONER: After Appeal and Affirmance of Judgment.** The circuit court, after an appeal by a convicted defendant and an affirmance of the judgment, and a direction by the Supreme Court that the sentence pronounced by the circuit court be executed and that the marshal arrest defendant and deliver him to the warden of the penitentiary, has no power to parole defendant. Nor does the circuit court, between the time of the affirmance of the judgment and the arrest of defendant, have power to parole him. The statute expressly provides that the Supreme Court, when a judgment of conviction is affirmed, shall direct that the sentence pronounced below shall be executed.

2. ———: ———: **Repeal by Implication: Appeal Pending.** Section 2827, Revised Statutes 1899, providing that no parole shall be granted in any case while an appeal is pending, did not by implication confer power on the circuit court to grant a parole after affirmance of the judgment, when the appeal is no longer pending. That provision did not, by implication, repeal the provisions of section 2705 which expressly requires the Supreme Court, when a judgment is affirmed, to direct that the judgment of the trial court be executed.

## Habeas Corpus.

PETITIONER REMANDED.

· *G. W. Thornberry* and *Delaney & Delaney* for petitioner.

(1) The appeal from the judgment of the circuit court of Stone county, while it vested jurisdiction in the Supreme Court to determine the cause, only suspended the judgment of the trial court. On affirmance, the judgment of the Supreme Court is merely an order directing the sentence of the lower court to be executed. It is the judgment of the lower court that is executed, and the authority of the warden of the penitentiary is the judgment of the lower court. Secs. 2662, 2718, R. S. 1899. (2) It therefore follows that the jurisdiction of the circuit court is not destroyed but merely suspended. On receipt of the mandate from this court, the jurisdiction of trial court by virtue of the statute reattaches for sentence, but by every principle of law and equity it attaches for all purposes. State v. Way, 40 S. C. 297; Ex parte Gray, 77 Mo. 160; Ex parte Toney, 11 Mo. 661; Ex parte Jones, 41 Cal. 209; People v. Walters, 1 Idaho 274. (3) The effect of affirmance is merely to remove the bar of executing the sentence of the lower court. Matthewson v. Railroad, 44 Mo. App. 99. (4) By virtue of the parole law, the trial court has full and complete jurisdiction to grant a parole. (5) The circuit court of Stone county having granted a parole, such parole can only be revoked for breach of conditions. It is in the nature of a conditional pardon. U. S. v. Hughes, 1 Bond (U. S.) 574. And is effective as an absolute pardon until the conditions are broken. 1 Bish., New Crim. Law, sec. 914; Flavell's case, 8 Watts & S. 197; dissenting opinion of Judge Hunt in Carr v. State, 19 Tex. App. 653.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for respondent.

(1)   After petitioner's trial and conviction, and after he had been granted an appeal, the circuit court of Stone county had no further jurisdiction in his case. True, that court possessed the authority to make an order *nunc pro tunc,* correcting the records; and also power to approve of and file a bill of exceptions, leave thereof having been given in term, but that court had no power or authority to take any action regarding said case. Our statute provides that when a defendant appeals and the judgment is affirmed, the Supreme Court shall direct that the sentence pronounced be executed, shall order the marshal to arrest the defendant and deliver him to the warden of the penitentiary.   R. S. 1899, secs. 2705, 2718, 4286, 4298; State v. Paxton, 126 Mo. 516; State v. Anderson, 126 Mo. 547; State v. Anderson, 98 Mo. 474; State v. Pagels, 92 Mo. 317; State v. Blunt, 110 Mo. 344.   (2)   The power to parole is purely a statutory one, and the statute limits that power to the time after the conviction of a defendant, and prior to his taking an appeal.   R. S. 1899, sec. 2827.

FOX, P. J.—This is an application for a writ of habeas corpus, the petitioner, Ike Foister, being unlawfully restrained of his liberty, so he alleges, by the warden of the State penitentiary, who holds petitioner, as a prisoner, in said penitentiary.

The return admits the official position of the warden, and also admits that he holds the petitioner and deprives him of his liberty, and pleads a certain conviction, judgment and sentence of the circuit court of Stone county, rendered at the October term, 1905, whereby the petitioner was convicted of the crime of felonious assault, and sentenced to two years in the penitentiary.   The return also alleges that the peti-

tioner was granted an appeal from said conviction, judgment and sentence to the Supreme Court of Missouri; and that said Supreme Court affirmed the judgment of said circuit court on the fifth day of March, 1907. That, in pursuance of said judgment of affirmance, the clerk of said Supreme Court issued a commitment, directed to the marshal of said court, commanding the marshal to take the body of the petitioner and deliver him to the warden of the penitentiary; and that said marshal took the body of the petitioner into his custody and delivered the petitioner to the warden of the penitentiary. The return further alleges that the action of the circuit court of Stone county, on the 11th day of March, 1907, in making an order for the parole of the petitioner, was illegal and void, and in violation of section 2827, Revised Statutes 1899.

A demurrer challenging the sufficiency. of the return and again praying for the discharge of the prisoner, notwithstanding the allegations embraced in the return, was treated and considered as being filed.

OPINION.

The record before us in this proceeding discloses but one question; that is in respect to the power of the circuit court of Stone county to parole the petitioner under the provisions of article 14 of chapter 16 of the Revised Statutes of 1899, relating to the parole of prisoners. The defendant in this cause was convicted in the circuit court of Stone county at the October term, 1905, of the crime of felonious assault and sentenced to two years in the penitentiary. From this judgment of sentence he was granted an appeal to the Supreme court of Missouri and this court on the 5th day of March, 1907, affirmed the judgment of the circuit court, and in conformity to the provisions of section 2705, directed the sentence pronounced in the circuit court to be executed, and in carrying out such provisions the

Supreme Court, under the express provisions of the section above cited, ordered the marshal of said court to arrest the petitioner and deliver him to the proper officer of the penitentiary. The circuit court of Stone county, prior to the execution of the process directed to the marshal of this court, undertook by an entry of record to parole the prisoner under the provisions of the article heretofore designated.

The crucial question confronting us is this, did the circuit court possess such power? The power of the circuit court to parole is embraced in the provisions of section 2817, Revised Statutes 1899, which provides: "When any person under the age of twenty-five years shall be convicted of any felony, except murder, rape, arson or robbery, and imprisonment in the penitentiary shall be assessed by the court or jury as a punishment therefor, and sentence shall have been pronounced, the court before whom the conviction was had, if satisfied that such person, if permitted to go at large, would not again violate the law, may in his discretion, by order of record, parole such person and permit him to go and remain at large until such parole shall be terminated as hereinafter provided: Provided, that the court shall have no power to parole any person after he has been delivered to the warden of the penitentiary."

Section 2827, Revised Statutes 1899, provides that "no parole shall be granted in any case while an appeal is pending, nor shall the action of any court or judge in granting or terminating a parole be subject to review by any appellate court."

As applicable to the question presented by the record in this cause and bearing directly upon it, are sections 2718, 2705 and 2706, which provide:

"Sec. 2718—When the appeal is taken, or the writ of error is sued out of by the party indicted, if the Supreme Court affirm the judgment of the court below it shall direct the sentence pronounced to be executed, and

the same shall be executed accordingly; if the judgment be reversed, the Supreme Court shall direct a new trial, or that defendant be absolutely discharged, according to the circumstances of the case.

"Sec. 2705—In all cases where the appeal or writ of error shall be prosecuted by the party indicted in the Supreme Court, and where the punishment assessed shall be imprisonment in the penitentiary, and where the judgment wherein the appeal or writ of error is prosecuted shall be affirmed, such court shall direct the sentence pronounced to be executed, and for this purpose the Supreme Court shall order the marshal of such court to arrest the convict, and deliver him to the proper officer of the penitentiary.

"Sec. 2706—Where the Supreme Court shall make an order, as directed in the last preceding section, the clerk of the court shall forthwith deliver a certified copy of such order to such marshal, who shall without delay, either in person or by such assistants as the Supreme Court may direct, arrest such convict wherever he may be found in this State, and transport him to the penitentiary, and deliver him to the proper officer thereof."

It is earnestly insisted by learned counsel for petitioner that the action of the circuit court in paroling the prisoner was proper, and was authorized under the provisions of the statute relating to the parole of prisoners, and that the prisoner is illegally restrained of his liberty by the warden of the penitentiary, which restraint was predicated upon the process issued by this court to its marshal after the affirmance of the judgment. We are unable to give our assent to this insistence. The procedure in this cause after the appeal was granted to the Supreme Court of this State is plainly and expressly provided for by the provisions of sections 2718 and 2705. Under the provisions of those sections it was the duty of this court, if the judgment

of the lower court was affirmed, to direct such judgment to be executed, and then follows the provision that this court shall direct its proper officer to execute such judgment. While it may be said that article 14, relating to the parole of prisoners, is a subsequent statute to those providing for the execution of the order of this court of a judgment of an inferior court, yet it is clear, unless there is some express provision limiting the power of this court in accordance with the provisions of sections 2718 and 2705 to execute the judgment of the lower court, the inferior court which rendered the judgment would be powerless to interfere with the proper enforcement of that judgment in accordance with the provisions of the sections heretofore indicated.

It is very earnestly and ably argued by counsel for the petitioner that the proviso in section 2817, which provides that the court shall have no power to parole any prisoner after he has been delivered to the warden of the penitentiary, by implication confers the power upon such court to enter such order of parole before the prisoner has been delivered to the warden of the penitentiary. That section is only susceptible of one reasonable construction, and that is that it is only applicable where the proceeding is entirely confined to the circuit court. In other words, it simply means that if a defendant is convicted and held for some days before the sheriff conveys him to the penitentiary, at any time before he is delivered to the warden the circuit court may exercise the power of parole, but after the judgment and sentence has been executed and the sheriff has delivered him to the warden, then such proviso is a limitation upon such power. But that section has no application to cases pending in the Supreme Court upon appeal, where, under the plain and express provisions of the statute, it is made the duty of this court, where the judgment is affirmed, to take all necessary steps to enforce the execution of that judgment.

Again, it is insisted that the provisions of section 2827, which provides that no parole shall be granted in any case while an appeal is pending, by implication confers power upon the circuit court to grant a parole if the appeal is not pending. In other words, the insistence is that the power of the Supreme Court expressly given by the provisions of section 2705 to direct the execution of the judgment of the circuit court, can be limited by implication. We are unwilling to give our assent to this insistence. That the Legislature, by the provisions of section 2827, never intended to curtail or limit the power of the Supreme Court to enforce the judgment of the circuit court, when such judgment was affirmed, in our opinion is too plain for discussion.

Where a defendant is convicted by the circuit court and judgment of sentence that he be confined in the penitentiary, and an appeal is granted from that judgment to the defendant, under the provisions of sections 2718 and 2705, as heretofore pointed out, the power to execute and enforce that judgment by due process directed to the marshal of the Supreme Court, is transferred by operation of the statute to the Supreme Court, and in our opinion such power should not be and cannot be curtailed or limited by mere implication. To hold that the power of the Supreme Court in the affirmance of judgments of the character now under consideration, is limited by implication, would simply place the jurisdiction of appellate and inferior courts in an inextricable state of confusion, and this court would find itself in the anomalous position of being unable to follow the directions of plain provisions of the statute in the enforcement of the judgments of the circuit courts which are affirmed until it could first ascertain as to whether or not after such judgment of affirmance the circuit court would again assume jurisdiction and discharge the prisoner upon parole. We are un-

willing to give the sections of the statute applicable to this question any such construction.

We have thus indicated our views upon the legal proposition disclosed by the record, which results in the conclusion that the petitioner is not illegally restrained of his liberty, and it is therefore ordered that he be remanded to the custody of the warden of the State penitentiary, by him to be dealt with according to the provisions of law.

All concur.