THE STATE ex rel. NORTH TODD GENTRY, Attorney-General v. JOHN
E. MONTGOMERY, Judge of Twelfth Judicial Circuit, and J. L.
KENDRICK, Clerk of Circuit Court of Chariton County.—297 S.
W. 30.

Court en Banc, July 11, 1927.

**1. PAROLE: Review.** The power to parole is lodged in the trial courts,
and the action of any court or judge in granting or terminating a parole
is not subject to review by any appellate court.

**2. ————: Part of Judgment.** The parole law is a part of the penal code,
and as such becomes a part of every judgment of conviction in every
criminal case, as much so as if it were written into the judgment.

**3. ————: In Misdemeanor Case: After Appeal and Affirmance of Judg-
ment.** The trial court has authority to parole a defendant after the re-
ceipt of the mandate of this court affirming a judgment convicting him
of a misdemeanor. The parole law is a part of the judgment in a mis-
demeanor case, and the judgment of affirmance is executed by the circuit
court; and when a judgment of affirmance is rendered and the mandate is
sent down directing the circuit court to execute it, the parole law continues
to be a part of the judgment, and it is of no consequence whether it be con-
sidered a judgment of this court or the judgment of the circuit court.
[Distinguishing Ex parte Foister, 203 Mo. 687.]

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 3140, p.
1334, n. 60; p. 1335, n. 61.

*Certiorari.*

WRIT QUASHED.

*North T. Gentry,* Attorney-General, and *Smith B. Atwood,* Assist-
ant Attorney-General, for relator.

(1) When appeal is allowed by the circuit court (a) all further
power over the subject matter (except the power to correct errors)
is lost to that court and (b) jurisdiction of the whole case is assumed
by the appellate court. (a) State ex rel. Patton v. Gates, 143 Mo. 63;
State v. Sutton, 232 Mo. 244; State v. Biesemeyer, 118 S. W. 1197.
(b) State ex rel. v. Goldstein (Mo. App.), 237 S. W. 814; Case v.
Smith (Mo.), 257 S. W. 148. (2) Having assumed jurisdiction
(a) the action of the appellate court thereon is its judgment; (b)
the "mandate" is the official mode of communicating the same to the
circuit court; and (c) all subsequent action of the lower court and
its officers is servile thereto. (a) People v. Superior Court, 84 N. E.
(Ill.) 875, 14 Ann. Cas. 753. (b) State v. Casey (Ore.), 217 Pac.

632; (c) Constitution, Amendment of 1884, secs. 1, 2, 3, 4, 5; Missouri Constitution, art. 6, sec. 3. (3) The Supreme Court has exclusive appellate jurisdiction over (a) constitutional questions as well as of (b) felonies; but whether it be upon the one ground or the other, (c) its jurisdiction extends to the whole case and not to a part only. (a) Constitution, Amendment 1884, secs. 1, 2, 3, 4, 5; State ex rel. v. Kansas City Court of Appeals, 105 Mo. 299; State ex rel. v. Smith, 141 Mo. 1. (b) Constitution, Amendment 1884, secs. 1, 2, 3, 4, 5; State v. Melton, 117 Mo. 618; State v. Greenspan, 137 Mo. 149; State v. Woodson, 248 Mo. 705. (c) Constitution, Amendment 1884, Secs. 1, 2, 3, 4, 5; State v. Chandler, 132 Mo. 165; State v. Francis, 95 Mo. 48. (4) True, this court's mandate in the case in question was based upon Sec. 4109, R. S. 1919, and not upon Section 4095, as in the Foister case; but any attempt to limit its powers under the one which are conceded to exist under the other finds no support in principle or reason. Ex parte Foister, 203 Mo. 687; Secs. 4112, 4109, 4095, R. S. 1919. (5) This court's direction that "the judgment aforesaid . . . be in all things affirmed" was its judgment; the agencies made use of in complying therewith became the agencies of this court; and any interference with them while executing that sentence was an illegal infringement of its appellate jurisdiction. People v. Superior Court, 84 N. E. (Ill.) 875; Ex parte Foister, 203 Mo. 687, 14 Ann. Cas. 753; State v. Casey, 217 Pac. 632; State v. Municipal Court, 190 N. W. 121. (6) It follows, therefore, that the respondents had no power to act in the case after affirmance of judgment on appeal, except in strict compliance with the judgment and mandate of this court. Constitution of Missouri, art. 6, sec. 3; Ex parte Foister, 203 Mo. 687; State v. Kile, 242 Mo. 195; United States v. Howe, 280 Fed. 815; United States v. Brewing Co., 277 Fed. 306; Beggs v. Superior Court (Cal.), 175 Pac. 642; Porter v. Garmony (Ga.), 96 S. E. 426.

*Lamb & Lamb* for respondents.

(1) Jurisdiction of the Supreme Court in the Horton case was appellate and the only province of that court was to review alleged errors. Constitution Missouri, art. 6, sec. 2; Amendment 1884, sec. 5; Hall v. Harris, 145 Mo. 619; Marbury v. Madison, 1 Cranch (U. S.) 175, 2 L. Ed. 60; State v. Casey, 217 Pac. 633. (2) When State v. Horton was affirmed and mandate issued and filed with clerk of trial court, jurisdiction in the cause re-invested in the circuit court. State ex rel. v. Broaddus, 234 Mo. 367; Mueller v. Hay & Milling Co., 258 S. W. 743; State v. Casey, 217 Pac. 623; Eldredge v. Strenz, 39 N. Y. Sup. Ct. 295. (3) Respondent, was authorized to parole Horton in the instant case. Secs. 4112, 4155,

4156, 4167, R. S. 1919; Laws 1925, p. 198, secs. 4085, 4095; Constitution of Missouri, art. 6, sec. 22.    (4)   The parole law is a part of the penal code of this State, and such parole law becomes a part and parcel of every judgment and sentence on conviction in a criminal case.   State v. Page, 57 Pac. 516; Miller v. State, 40 L. R. A. 112; Woods v. State, L. R. A. 1915 F. 539.   (5)   The granting of a parole or staying the execution as to the fine did not change or modify the judgment and sentence on conviction of Horton, regardless of what court the judgment became the judgment of on affirmance.   George v. People, 47 N. E. 745; Miller v. State, 49 N. E. 899; Fuller v. State, 45 L. R. A. 503; Woods v. State, L. R. A. 1915 F, 539; Wilson v. Commonwealth, 132 S. W. 561.

GANTT, J.—*Certiorari* instituted by the State at the relation of the Attorney-General.   The writ was directed to Hon. John E. Montgomery as Judge and J. L. Kendrick as Clerk of the Circuit Court of Chariton County.   They made return to the writ.   The facts are as follows:

Tom Horton was tried on an indictment in two counts in the Circuit Court of Chariton County before Hon. John E. Montgomery and a jury.   He was found guilty of the offense of possessing liquor on the first count, and of the offense of possessing a still on the second count, and his punishment fixed on each count at a fine of three hundred dollars and imprisonment in the county jail for one hundred and eighty days.   A constitutional question was in the record, and an appeal was taken to this court.   The judgment was affirmed as to the first count, and reversed as to the second.   Our mandate was duly certified to the Clerk of the Circuit Court of Chariton County.   The case is reported in the 278 S. W. 661.   Thereafter and during the November term, 1926, the respondent, Hon. John E. Montgomery, made, and J. L. Kendrick, clerk of said court, entered an order of record granting to defendant Horton a stay of execution on the fine, and a parole on the jail sentence.

The relator's contention is stated as follows:

"It is the contention of the Attorney-General that the Circuit Court of Chariton County, Missouri, had no further jurisdiction in the case of State v. Tom Horton after the allowance of defendant's appeal to the Supreme Court of Missouri, and that said court had no power even after affirmance of said judgment and the receipt of the mandate of said Supreme Court to make any orders, judgments or decrees except such as may have been embraced in the judgment and mandate of the Supreme Court."

By the statute the trial court is denied the right to grant a parole pending an appeal.   [Sec. 4167, R. S. 1919.]

Did the trial court have the authority to parole the defendant on receipt of our mandate affirming its judgment? This is the only question for solution.

In Ex parte Foister, 203 Mo. 687, we held the trial court was without authority to parole a defendant convicted of a felony after the judgment had been affirmed by this court. This ruling rests on Sections 4095 and 4096, Revised Statutes 1919, expressly directing this court to have its marshal execute all sentences pronounced in felony cases. No such direction is given in a misdemeanor case. The judg-. ment in a misdemeanor case on affirmance is executed by the circuit court. However, it is argued by relator that a judgment affirmed in this court in a misdemeanor case becomes a judgment of this court, and the circuit court is the agent of this court in executing the sentence pronounced. [Sec. 4109, R. S. 1919.] It is further argued that being an agent of this court, it is without power to grant a parole and must execute the sentence according to the punishment assessed on the trial.

The granting of a parole by the circuit courts and judges in this State is in no sense of the trial of the cause. The trial is for the determination of the guilt or innocence of the defendant. After a defendant is convicted of a misdemeanor the trial court may parole him.

In State ex rel. Browning v. Kelly, 309 Mo. l. c. 472, 274 S. W. 731, we held that the granting of a parole, whether it be deemed a conditional suspension of the sentence or a conditional parole, is no part of the trial of the cause which culminates in a judgment of conviction, or in any sense an incident thereto.

Relator concedes the validity of our parole law. In this he is sustained by the great weight of authority. [20 R. C. L. 577, 578; In re Patterson, 94 Kan. 439, 146 Pac. 1009; People v. Roth, 240 Ill. 532, 94 N. E. 953; State v. Goddard, 69 Ore. 73, 133 Pac. 904, Ann. Cas. 1111.]

The power to parole is lodged with the trial courts, and the action of any court or judge in granting or terminating a parole is not subject to review by an appellate court. [Secs. 4155, 4156, 4157 and 4167, R. S. 1919.]

The parole law of this State is a part of our penal code, and as such becomes a part of the judgment in every criminal case as much as though it were written into the judgment of the court. [Ex parte Parker, 106 Mo. l. c. 556, 17 S. W. 658; State v. Page, 57 Pac. l. c. 516; Miller v. State, 40 L. R. A. l. c. 112; 20 R. C. L. 579.]

When this court reviewed the judgment of the circuit court in the case of State v. Horton, the parole law of the State was a part of that judgment. We affirmed the judgment on the first count as a whole. When the trial court received our mandate with directions to execute the judgment, it clearly had the power to grant a parole to the de-

fendant, for the reason that the judgment at all times, whether it be considered a judgment of the circuit court or a judgment of this court, contained our parole law as a part of the judgment. Therefore, it is of no consequence whether the judgment be considered a judgment of the circuit court or a judgment of this court at the time of its execution. While the parole law is a part of the judgment in some felony cases, the trial court loses the power to grant a parole in a felony case on affirmance of the judgment, for the reason that by Section 4095 and 4096 this court is directed to have its marshal execute the sentence pronounced. This court having no authority to grant a parole, must execute the sentence according to the punishment assessed on the trial.

Relator directs our attention to cases in other jurisdictions. We have considered them and find they are of no aid to us in deciding the question for solution on account of the difference in the parole laws of the different states.

It follows that our writ should be quashed. It is so ordered. All concur.