Thomas Lee GRADY, Appellant,

v.

Crispus NIX, Warden, Iowa State
Penitentiary, Appellee.

No. 82–8097.

United States Court of Appeals,
Eighth Circuit.

Sept. 15, 1982.

Thomas Lee Grady, pro se.

Thomas J. Miller, Atty. Gen., Des Moines, Iowa, for warden.

Before HEANEY, Circuit Judge, and STEPHENSON, Senior Circuit Judge.

PER CURIAM.

Thomas Lee Grady, an inmate at Iowa State Penitentiary, filed an application for a writ of habeas corpus, under 28 U.S.C. § 2254, on May 15, 1982, along with a request for leave to proceed in forma pauperis. On August 6, 1982, the district court[1] ordered the clerk to file the action without prepayment of costs or fees and then denied Grady's application for want of a cognizable constitutional claim. Grady filed a motion requesting reconsideration by the district court on August 7, 1982, along with a notice of appeal to this Court. The district court treated the notice as a Request for a Certificate of Probable Cause, pursuant to Fed.R. App.P. 22(b). It denied the request as frivolous. In denying the motion for reconsideration, the court noted that the motion raised an issue not raised in the original application. It held that Grady should pursue any new claim by filing a separate habeas corpus petition rather than by requesting reconsideration, and ordered the clerk to mail a blank habeas form to him. The district court transferred Grady's notice of appeal to this Court, which we treat as an application for a certificate of probable cause under the federal rules.

We deny Grady's request for a certificate of probable cause. We do not review the merits of his claims, however, since his application fails to establish that he has exhausted his state remedies.

■ The State of Iowa has a postconviction review procedure applicable to the claims of state inmates which raise federal and state constitutional issues, Iowa Code Ann. § 663A.2(1) (West Supp.1982), which may be filed at any time, *id.* § 663A.3. Grady's application does not establish exhaustion of this review procedure with respect to the execution of the sentence imposed on him which he now contests. His assertion that state habeas review occurred

1. The Honorable W. C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

on May 23, 1980, apparently pertains to his pretrial confinement, since the trial which resulted in the conviction from which he now seeks relief began on August 6, 1980. No other circumstances which would constitute exhaustion of Iowa's postconviction review procedure appear in Grady's application or motions.[2]

We therefore deny Grady's request for a certificate of probable cause without prejudice to his rights to seek state habeas relief on these claims or to seek further federal habeas relief once he has exhausted his state remedies.

---

**2.** Grady's *pro se* brief "appealing" the district court order intimates that, on direct appeal of his conviction, the Iowa Court of Appeals refused to review his claim that minutes of testimony for additional witnesses were not timely presented to him as required by Iowa law, since he had failed to preserve error at trial by refusing a continuance for further trial preparation. We are aware that Iowa courts may deny postconviction relief for claims not preserved sufficiently for direct review and without "sufficient reason" for not raising the issues previously, *Washington v. Scurr*, 304 N.W.2d 231, 234 (Iowa 1981), but leave to the state court the decision whether this principle of state habeas law applies on the facts of Grady's petition. *Cf. Lindner v. Wyrick*, 644 F.2d 724, 727 (8th Cir.), *cert. denied*, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981) (habeas claims not exhausted where there "is no indication in the state record that another state proceeding will be futile").