Daniel SNETHEN, Appellant,

v.

**Crispus NIX, Appellee.**

**No. 83–2064.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1984.

Decided June 20, 1984.

Rehearing Denied July 24, 1984.

---

[*] The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

Thomas J. Miller, Atty. Gen. of Iowa, Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

James P. Cleary, Gary L. Shriver, Student Attorney-Legal Intern, Des Moines, Iowa, for appellant.

Before LAY, Chief Judge, and HEANEY and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

Daniel Snethen appeals from the district court's denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. Snethen asserts the admission at trial of statements he made during a court-ordered psychiatric evaluation, and other statements he made to police officers while in custody, violated the fifth, sixth and fourteenth amendments. Because we find Snethen's petition contains both exhausted and unexhausted claims, we vacate the district court's judgment and remand with directions to dismiss Snethen's petition. *See Rose v. Lundy*, 455 U.S. 509, 521–522, 102 S.Ct. 1198, 1204–1205, 71 S.Ct.2d 379 (1982).

Snethen was indicted for murder in Polk County, Iowa on October 23, 1974. Thereafter, he requested a psychiatric evaluation to determine whether he was sane at the time of the alleged homicide and whether he was competent to stand trial. Pursuant to a court order, Snethen was admitted to a psychiatric facility and examined by Dr. Paul Loeffelholz, who expressed the opinion that Snethen was competent to stand trial. A jury nonetheless found Snethen incompetent and he was recommitted until such time as he was found competent. Prior to a second competency hearing, Dr. Loeffelholz again examined Snethen and again gave the opinion that he was competent. On Snethen's motion, the court ordered an independent evaluation by Dr. John Garfield, a clinical psychologist. After the second competency hearing, a jury found Snethen competent to stand trial.

Snethen asserted an insanity defense at trial. The defense called Dr. Garfield as a witness. He testified that Snethen suffered from paranoid delusional beliefs or a psychotic paranoid state. The state called Dr. Loeffelholz as a rebuttal witness. He disputed Dr. Garfield's opinion and testified as to his conversations with Snethen and statements Snethen made during his competency evaluations. The defense objected to Dr. Loeffelholz's testimony, but on grounds irrelevant to his applications for post-conviction relief. The jury subsequently found Snethen guilty of first degree murder.

In his direct appeal, Snethen challenged the admission of Dr. Loeffelholz's testimony on the ground that it violated the physi-

cian-patient privilege. The Iowa Supreme Court did not reach the merits of this contention because no objection on this ground was made at trial and consequently the error was not preserved. *State v. Snethen*, 245 N.W.2d 308, 316 (Iowa 1976). Snethen then filed a *pro se* motion for post-conviction relief in the state courts. Counsel was appointed both for the proceedings before the trial court and on appeal to the Iowa Supreme Court. In his post-conviction petition, Snethen claimed he had received ineffective assistance of counsel at his trial because his trial counsel failed to object to the admission of Dr. Loeffelholz's testimony on the grounds that it violated the physician-patient privilege. The trial court denied Snethen's application for post-conviction relief.

On appeal, the Iowa Supreme Court affirmed. *Snethen v. State*, 308 N.W.2d 11, 13 (Iowa 1981). The court held that the physician-patient privilege was inapplicable, and therefore defense counsel was not ineffective for failing to object on that ground. The court noted that Snethen had raised for the first time on appeal the allegation that his trial attorney was ineffective in not objecting to Dr. Loeffelholz's testimony on the ground that it violated his fourteenth amendment right to due process and his sixth amendment right to counsel. Because Snethen had not raised these claims in his post-conviction proceedings before the trial court, the appeals court refused to consider them on their merits. The court noted, however, that "assuming arguendo" the due process question had been raised in Snethen's petition, defense counsel was not ineffective in failing to object on that ground because there was no supporting case law for such an objection at the time of trial, and because Snethen was not prejudiced given the other evidence of his involvement in the murder. *Id.* at 16. In a footnote, the court also noted that there may have been a fifth amendment problem with admitting Loeffelholz's testimony, but that this issue was not before the court.

On November 25, 1981, Snethen filed an application for a writ of habeas corpus in the United States District Court for the Southern District of Iowa. In his federal petition, Snethen claimed that the admission of Dr. Loeffelholz's testimony (1) violated his physician-patient privilege; (2) violated his fifth amendment privilege against self-incrimination; (3) violated his fourteenth amendment right to a fair trial; and (4) violated his sixth amendment right to assistance of counsel and his attorney-client privilege.

The state raised the exhaustion issue in its answer to Snethen's petition. It argued that Snethen had not exhausted his state remedies because his state post-conviction petition did not challenge the admission of Dr. Loeffelholz's testimony on the merits of the constitutional grounds asserted in the federal petition, but rather as a showing of ineffective assistance of counsel. In an order dated August 31, 1982, the district court ruled that the exhaustion requirement should be considered satisfied because there was a clear manifestation in the record that further state proceedings would be futile. The court based this conclusion on the state court's treatment of the physician-client privilege issue and the state court's determination that the admission of Dr. Loeffelholz's testimony had not prejudiced Snethen's case.

After thus disposing of the exhaustion issue, the district court ruled in its August 31, order that Snethen had demonstrated "cause" as defined in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), for his failure to make a timely objection at trial to the admission of Dr. Loeffelholz's testimony. The district court further ruled that the admission of this testimony violated Snethen's fifth, sixth and fourteenth amendment rights. The court then directed further briefing on the issue of prejudice. Following the submission of supplemental briefs, the district court reconsidered its prior ruling on cause in light of *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The court held that even if Snethen had shown cause for failing to assert his constitutional objections to Dr. Loeffelholz's testimony at his criminal trial, he had not shown cause

for the same failure during his state post-conviction trial. Consequently, in an order dated June 30, 1983, the district court denied Snethen's application for a writ of habeas corpus. This appeal followed.

In their briefs on appeal, neither party discusses the exhaustion issue, focusing instead on the district court's determination that there had been no cause for Snethen's failure to raise his constitutional challenges in the state courts. At oral argument, however, the state contended that its alternative position on appeal was that Snethen has failed to exhaust state remedies for some of his claims. In the interest of comity, we resolve this appeal on the exhaustion issue. We therefore need not decide whether the district court properly applied the cause and prejudice analysis of *Engle* to the facts of this case.

■ *Rose v. Lundy* directs district courts to dismiss state prisoner petitions for habeas corpus which contain both exhausted and unexhausted claims. The rule is based on principles of comity and federalism and is designed to encourage state prisoners to seek full relief from the state courts first, thus giving those courts the initial opportunity to review all claims of constitutional error. *Rose v. Lundy, supra*, 455 U.S. at 518, 102 S.Ct. at 1203. The prisoner whose "mixed" petition is dismissed has the option of either returning to state court to litigate the unexhausted claims or resubmitting a petition to the federal courts which contains only exhausted claims.

■ We must look to the legal arguments Snethen made before the state court to determine whether the claims he makes in his federal petition have been exhausted. In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam) the Supreme Court stated:

It is not enough that all of the facts necessary to support the federal claim were before the state courts, * * * or that a somewhat similar state law claim

was made * * *. In addition, the habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim.

*Id.* at 277.

While it may not be necessary for a petitioner to refer to a specific provision of the Constitution, some indication of the nature of his or her constitutional claim must be given either by direct or indirect reference to federal law. *See Nelson v. Solem*, 714 F.2d 57, 59 (8th Cir.1983); *Daye v. Attorney General of New York*, 696 F.2d 186, 194 (2d Cir.1982) (en banc); *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir.1980).

■ Given this standard, it is clear Snethen's federal petition contains both exhausted and unexhausted claims. As the state points out, Snethen's state petition alleged ineffective assistance of counsel, while his federal petition directly challenges the admission of Dr. Loeffelholz's testimony on various constitutional grounds. If Snethen had raised all of his federal constitutional challenges in the context of an ineffective assistance of counsel claim, we could perhaps say the state courts have had an opportunity to review the "substance" of Snethen's federal habeas claims. Here, however, Snethen failed to raise any specific federal constitutional claims in his state petition. Moreover, in his appeal to the state court, he attempted to raise the due process and sixth amendment claims, but not the fifth amendment claim.

Each constitutional claim Snethen raises in his federal petition has a distinct legal basis.[1] First, Snethen contends that the use of the statements that he made to Dr. Loeffelholz violated his fifth amendment right against self-incrimination. He bases this claim in part upon *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). In *Estelle*, the Supreme Court held that the admission of testimony by a psychiatrist who conducted the court-ordered pre-trial competency examination violated

---

[1] The state court has clearly considered and rejected Snethen's state law claim that Loeffel-

holz's testimony violated the physician-patient privilege.

the fifth and sixth amendments because the defendant had not been read *Miranda* warnings and his counsel had not been notified in advance that the psychiatrist's findings could be used at trial. Second, Snethen asserts that Dr. Loeffelholz's testimony violated due process. He cites *Collins v. Auger,* 577 F.2d 1107 (8th Cir.1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979), in which this Court held under similar facts that it violates due process to allow a court-appointed psychiatrist to testify concerning a defendant's self-incriminating statements because the defendant would be forced to choose between exercising the fifth amendment right against self-incrimination and the fourteenth amendment right to seek available defenses. Finally, Snethen asserts a sixth amendment claim premised upon *United States v. Alvarez,* 519 F.2d 1036 (3d Cir. 1975). In *Alvarez,* the court held that the attorney-client privilege protected confidential communications to a psychiatrist hired by the defendant for purposes of trial preparation and that to compel the psychiatrist to testify regarding the confidential communications would deprive the defendant of effective assistance of counsel. *Id.* at 1046.

As stated above, none of these specific constitutional grounds were presented to the state trial court in the post-conviction proceedings. On appeal of that action, Snethen attempted to raise his fourteenth amendment claim based on *Collins* and his sixth amendment claim based on *Alvarez.* Although the state supreme court discussed both of these contentions, it refused to rule on them because Snethen had not raised them below. *Snethen v. State, supra,* 308 N.W.2d at 16–17. The state court also noted in a footnote that Snethen had not raised a fifth amendment claim under *Estelle.* At the very least, then, it appears the Iowa courts have never considered Snethen's fifth amendment claim. The total exhaustion rule of *Rose v. Lundy* would thus require that the district court dismiss Snethen's mixed petition.

The district court held, however, that the exhaustion requirement was satisfied because to return to the state courts at this juncture would be futile. The district court based this conclusion on dicta in the Iowa Supreme Court opinion affirming the denial of Snethen's application for post-conviction relief which stated that Snethen was clearly implicated in the murder, even absent Dr. Loeffelholz's testimony. The district court interpreted this statement to indicate the Iowa courts would view any error in the admission of the testimony as harmless. Thus, in the district court's view, a return to the state courts to mount direct constitutional challenges against the admission of Loeffelholz's testimony would be of no avail. We do not agree.

■ "[I]t is well settled that only after some clear manifestation on the record that a state court will refuse to entertain petitioner's claims will the exhaustion requirement be disregarded as futile." *Powell v. Wyrick,* 657 F.2d 222, 224 (8th Cir.1981); *accord Eaton v. Wyrick,* 528 F.2d 477, 482 (8th Cir.1975). The question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim, not whether the state court would decide in favor of the petitioner on the merits. *See, e.g., Lindner v. Wyrick,* 644 F.2d 724, 727 (8th Cir.), *cert. denied,* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981) (return to state court not futile because Missouri rule allows second post-conviction petition if the petitioner can show his claims are based on information not available at the time of the first petition); *Thomas v. Wyrick,* 622 F.2d 411, 414 (8th Cir.1980) (whether state rule barring claims not raised in direct appeal makes post-conviction remedy presently unavailable is a question of state law). Principles of comity require the federal courts to refrain from predicting a state court's probable determination on the merits of a claim in order to avoid the exhaustion requirement. Thus, the district court's determination that the exhaustion requirement

should be disregarded as futile was in error.[2]

Because Snethen's petition for a writ of habeas corpus contains a mixture of exhausted and unexhausted claims, and because the record contains no clear manifestation that the presentation of exhausted claims to the state court would be futile, we reverse and remand to the district court with directions to dismiss Snethen's federal petition.

---

**2.** Iowa law requires a petitioner to raise all grounds for post-conviction relief in his or her first petition, unless the court finds sufficient reason for not raising the issue previously. Iowa Code Ann. § 663A.8 (Supp.1983). We leave it to the state court to initially determine whether this provision precludes state habeas relief in Snethen's case. *See Grady v. Nix*, 688 F.2d 73, 74 n. 2 (8th Cir.1982); *cf. Lindner v. Wyrick*, 644 F.2d 724, 727 (8th Cir.), *cert. denied*, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981).