**Victor James HARROD, Jr., Appellant,**

v.

**Charles BLACK, Warden, Appellee.**

**No. 86–1959.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1987.

Decided May 5, 1987.

Christopher I. Hansen, Lincoln, Neb., for appellant.

Sharon M. Lindgren, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before ROSS, BOWMAN, and MAGILL, Circuit Judges.

ROSS, Circuit Judge.

Appellant Victor James Harrod, Jr. brought this habeas corpus action to challenge his 1984 conviction for possession of marijuana and escape. The thrust of appellant's claims is that he was denied effective assistance of counsel by his two successive trial attorneys' alleged failure to investigate and present meritorious defenses to the charges against him before advising appellant to accept a plea agreement.

Appellant has never filed a postconviction action under NEB.REV.STAT. §§ 29–3001 to –3004 (1985). He did perfect an appeal from his conviction to the Nebraska Supreme Court. However, his appellate counsel moved for leave to withdraw pursuant to Nebraska Supreme Court Rule 3 B. Rule 3 B permits an attorney appointed to represent a criminal defendant to seek leave to withdraw from an appeal which counsel certifies is wholly frivolous and without merit.

In his objection to his counsel's motion to withdraw, appellant attempted to argue why he believed his appeal to the state supreme court was not frivolous. However, in making these arguments appellant was effectively pro se, and his arguments were presented on a record which counsel for the State of Nebraska now, in a postargument brief, informs us had not been fully developed at that time.[1] The Nebraska Supreme Court summarily affirmed appellant's conviction without opinion.

█ 28 U.S.C. § 2254(b) and (c) state that the federal courts shall not entertain a petition for a writ of habeas corpus until all available remedies in the state courts have been exhausted. Appellant's failure to present his claims to the state courts in the form of an action under the Nebraska postconviction act when such proceedings are still available to him is a failure to exhaust remedies within the meaning of section 2254(c). *See Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982).

█ Appellant claims that the State of Nebraska has waived its exhaustion argument and in other circumstances we might agree. But here the state supreme court decided this case primarily on a confession of "no error" filed by trial counsel who was attempting to withdraw from the case on appeal. Except for pro se statements filed by the petitioner, no issues presented here or resulting from the trial of the case were addressed in a written opinion by the Supreme Court of Nebraska. Under these circumstances Nebraska state courts should first consider these issues, and accordingly we determine that the interests of comity and federalism will be better served by requiring appellant to exhaust his claims in the state courts. *See Granberry v. Greer,* —— U.S. ——, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

Appellant has failed to provide a "clear manifestation on the record" that to present his postconviction claims to the state courts would be an exercise in futility.[2] *Snethen v. Nix,* 736 F.2d 1241, 1245 (8th Cir.1984). We therefore remand this action to the district court with directions to dismiss appellant's petition for a writ of habeas corpus for failure to exhaust available remedies in the state courts.

---

1. We express no opinion concerning the merits of appellant's habeas corpus claims. We view these facts only as indications that appellant has not yet fully and fairly presented the substance of his habeas corpus claims to the state courts and that there exists a presently available state procedure, the Nebraska postconviction act, by which the merits of appellant's claims may be determined by the state courts.

2. The state also argues that appellant may also at this time be challenging the effectiveness of the appellate counsel who withdrew after filing appellant's appeal to the Nebraska Supreme Court. *See Robinson v. Black,* 812 F.2d 1084 (8th Cir.1987) (writ granted because of ineffective assistance of state appellate counsel who withdrew on the ground that the direct appeal was frivolous). This claim has not been presented to the state courts and thus is clearly not exhausted. *See Rose v. Lundy,* 455 U.S. 509, 510, 520–22, 102 S.Ct. 1198, 1199, 1204–05, 71 L.Ed.2d 379 (1982) (court must dismiss habeas petitions containing unexhausted claims even if other claims have been exhausted).