981 F.2d 1251
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William F. KNIGHT, Petitioner-Appellant,
v.
STATE of West Virginia; Dave Scott, Parole Officer; A. V.
Dodrill, Commissioner, Respondents-Appellees.
 No. 91-6312.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 10, 1992
Decided: December 28, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-91-345)
 William F. Knight, Appellant Pro Se.
 Mario J. Palumbo, Attorney General, Teresa Abigail Tarr, Office of the Attorney General of West Virginia, Charleston, West Virginia, for Appellees.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William F. Knight appeals from the district court's dismissal of his habeas corpus petition. Knight argues that the district court improperly dismissed his petition as unexhausted under Rose v. Lundy, 455 U.S. 509 (1982). Because it would be futile for Knight to refile his petition in state court, we vacate the judgment of the district court dismissing Knight's petition and remand this case for further proceedings consistent with this opinion.
 
 
 2
 * In April 1984, Knight was convicted of second degree murder in Logan County, West Virginia, and sentenced to a term of five to eighteen years in the West Virginia Penitentiary. Knight did not appeal his conviction. In July 1986, he filed a comprehensive habeas corpus petition in the West Virginia Supreme Court of Appeals. That court ordered the trial court to resentence Knight in order that he might timely appeal his conviction. In October 1986, however, the circuit court determined that Knight wanted to waive his right to a direct appeal and, therefore, Knight was not resentenced. The circuit court also dismissed Knight's habeas petition. Knight was not informed of this order until September 1987, and in December 1987, he filed a petition for appeal in the West Virginia Supreme Court of Appeals. In July 1989, the supreme court dismissed Knight's petition for appeal because he had been released on parole and was no longer "incarcerated under sentence of imprisonment." See W. Va. Code § 534A-1(a).
 
 
 3
 While he was still on parole, Knight filed this federal habeas corpus petition in March 1991. Knight raised numerous claims in this petition, including claims that he was denied the effective assistance of counsel at trial, on appeal, and in his habeas corpus proceeding, that double jeopardy was violated, that he was subjected to malicious prosecution and prosecutorial misconduct, that the evidence was insufficient to convict him, and that he was denied equal protection and due process. The magistrate judge recommended that Knight's petition be dismissed as unexhausted because Knight had not exhausted his ineffective assistance claim. The district court adopted this recommendation and dismissed the petition.
 
 
 4
 A prisoner seeking federal habeas relief must ordinarily first present his claims to the state courts. 28 U.S.C. § 2254 (b, c) (1988). The exhaustion requirement exists, as a matter of comity, to give the state courts the first opportunity to adjudicate alleged constitutional defects in their own criminal prosecutions. Renzi v. Virginia, 794 F.2d 155, 158 (4th Cir. 1986). However, when it is clear that the state court will refuse to entertain a habeas petitioner's claim, the prisoner need not exhaust his state remedies, because a prisoner is not required to exhaust a claim when seeking relief in the state courts would clearly be futile. Teague v. Lane, 489 U.S. 288 (1989); Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984); Wiley v. Sowders, 647 F.2d 642, 647 (6th Cir. 1981).
 
 
 5
 Here, the West Virginia Supreme Court of Appeals has already dismissed Knight's case as moot. Because it is clear that the West Virginia Supreme Court of Appeals would consider a subsequent habeas petition from Knight to be moot, requiring Knight to file a subsequent habeas petition would be futile. Therefore, Knight must be excused from the exhaustion requirement.
 
 II
 
 6
 In conclusion, because it would be futile for Knight to go back to the West Virginia courts to exhaust his state remedies, Knight is excused from having to satisfy the exhaustion requirement. Therefore, we grant Knight a certificate of probable cause to appeal and vacate the district court's dismissal of his petition for nonexhaustion with directions that it consider Knight's petition with the view that the exhaustion requirement has been satisfied.
 
 VACATED AND REMANDED