IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 28, 2025 Session

**STATE OF TENNESSEE v. MICHAEL FLAMINI, JR.**

**Appeal from the Criminal Court for Knox County**
**No. 120471   Steven W. Sword, Judge**

_____

**No. E2023-01292-CCA-R3-CD**

_____

KYLE A. HIXSON, J., concurring in part and concurring in the result.

The lead opinion considers the Defendant to have preserved for appeal his constitutional issue concerning the admission of the civil forfeiture order, although it ultimately subjects the issue to a relevancy analysis. I respectfully disagree that the constitutional claim on appeal was preserved in the trial court. The Defendant's non-contemporaneous reference to his right to remain silent arguably preserved a Fifth Amendment self-incrimination claim. The problem for the Defendant, however, is that he raises a Fourteenth Amendment due process claim on appeal that was never presented to or ruled upon by the trial court. As such, the issue concerning the admission of the civil forfeiture order is waived, and the Defendant is not otherwise entitled to relief. For this reason, I concur only in the result of the lead opinion as to this issue. I fully join the lead opinion as to the other issues raised by the Defendant.

"[A]n appellate court's jurisdiction is 'appellate only.'" *State v. Bristol*, 654 S.W.3d 917, 925 (Tenn. 2022) (quoting Tenn. Const. art. VI, § 2). "It extends to those issues that 'ha[ve] been formulated and passed upon in some inferior tribunal.'" *Id.* (quoting *Fine v. Lawless*, 205 S.W. 124, 124 (Tenn. 1918). Issue preservation principles ordinarily require that the party should first assert a timely objection during the trial court proceedings identifying a "specific ground of objection if the specific ground was not apparent from the context." *See* Tenn. R. Evid. 103(a)(1); Tenn. R. Crim. P. 51(b). "[A] party is bound by the grounds asserted when making an objection. The party cannot assert a new or different theory to support the objection in the motion for a new trial or in the appellate court." *State v. Adkisson*, 899 S.W.2d 626, 634-35 (Tenn. Crim. App. 1994). Constitutional arguments are not exempt from the preservation rules, and if not properly preserved, the issues are deemed waived on appeal. *See, e.g.*, *State v. Howard*, 504 S.W.3d 260, 277 (Tenn. 2016).

The main thrust of the Defendant's argument below was that the State had engaged in burden-shifting by presenting proof of the civil forfeiture order.  It was not until the next day of court that he mentioned, almost in passing, his right to remain silent.  He also mentioned, quite briefly, his right to remain silent at the hearing on the motion for new trial.  On appeal, the Defendant nominally argues the admission of the order violated his right to remain silent, but the substance of his argument reveals a different claim altogether.  The Defendant now relies on the cases of *Doyle v. Ohio*, 426 U.S. 610 (1976), and *Wainwright v. Greenfield*, 474 U.S. 284 (1986), to support his constitutional claim.  *Doyle* and *Wainwright* do not involve self-incrimination claims brought under the Fifth Amendment but rather due process claims pursuant to the Fourteenth Amendment.  This distinction is important.[1]

On appeal, the Defendant argues that "[h]e had the right to remain silent on the day of his arrest; [and] he also had the right to remain silent on all subsequent days, up to and including the day of his trial."  This, of course, is true insofar as it goes.  But the general presence of this Fifth Amendment privilege does not necessarily mean that that a defendant's silence is *always* a forbidden topic at trial.  *See, e.g.*, *Fletcher v. Weir*, 455 U.S. 603, 607 (1982) (allowing cross-examination regarding a defendant's silence post-arrest, but pre-*Miranda* warnings, when the defendant testified at trial); *Jenkins v. Anderson*, 447 U.S. 231, 238-39 (1980) (allowing the same in the pre-arrest and pre-*Miranda* warnings context); *Raffel v. United States*, 271 U.S. 494, 498 (1926) (providing that in the defendant's retrial, no Fifth Amendment violation occurred when the government impeached the testifying defendant with his silence in the first trial).  Additionally, this case does not feature the usual trappings of a Fifth Amendment claim.  The Defendant was not "compelled . . . to be a witness against himself" or "to give evidence against himself[,]" as the texts of the relevant constitutional provisions expressly prohibit.  *See* U.S. Const. amend. V; Tenn. Const. art. I, § 9.  The prosecutor did not comment on his choice not to testify *at trial*.  *See Griffin v. California*, 380 U.S. 609, 614 (1965); *State v. Jackson*, 444 S.W.3d 554, 588-89 (Tenn. 2014).  Nor does this case involve custodial police questioning in "the inherent pressures of the interrogation atmosphere."  *Miranda v. Arizona*, 384 U.S. 436, 468 (1966).

---

[1] *See, e.g.*, *State v. McKinney*, 669 S.W.3d 753, 765 (Tenn. 2023) (holding, in a confession case, that the Fifth Amendment and Fourteenth Amendment issues involved "two separate inquiries[,]" and "[t]he fact that the inquiries are distinct is especially evident when considering their histories"); *see also Snethen v. Nix*, 736 F.2d 1241, 1244-45 (8th Cir. 1984) (holding that claims under the Fifth, Sixth, and Fourteenth Amendments have "distinct legal bas[e]s" and that "none of these specific constitutional grounds were presented" in state court so as to satisfy the exhaustion requirement in a habeas corpus case); *Brown v. Berghuis*, 638 F. Supp. 2d 795, 814 (E.D. Mich. 2009) (stating, in a habeas corpus case involving the admission at a criminal trial of a petitioner's prior statement at a civil forfeiture proceeding, "[a] claim that the admission of this statement violated his privilege against self-incrimination is separate and distinct from a claim that the evidence was inadmissible under state evidence law or that its introduction denied him his general due process right to a fair trial" (citation omitted)).

Importantly, the Defendant's reliance on *Doyle* and *Wainwright* demonstrates that he is not raising a right-to-silence claim but rather a due process claim. The Supreme Court in *Doyle* held "that the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. at 619 (footnote omitted). Similarly, and more on-point to the instant case, the *Wainwright* Court, employing a due process analysis, held that it was fundamentally unfair for the prosecutor to use the defendant's post-*Miranda* silence as proof of his sanity, where the "*Miranda* warnings contain an implied promise, rooted in the Constitution, that 'silence will carry no penalty.'" 474 U.S. at 295 (quoting *Doyle*, 426 U.S. at 618). Thus, *Doyle* and *Wainwright* do not identify violations of the right to remain silent. Rather, *Doyle* and *Wainwright* focus on the fundamental unfairness of breaking the "implied promise" given to a defendant in the *Miranda* warnings by later using the government-induced silence against the defendant at trial, or, as the Supreme Court later put it, "the fundamental unfairness of implicitly assuring a suspect that his silence will not be used against him and then using his silence to impeach an explanation subsequently offered at trial." *South Dakota v. Neville*, 459 U.S. 553, 565 (1983) (describing the holding in *Doyle*).

The *Wainwright* Court was careful to draw the distinction between the related, but separate and distinct constitutional claims: "Notably, the Court in *Doyle* did not rely on the contention that Ohio had violated the defendants' Fifth Amendment privilege against self-incrimination by asking the jury to draw an inference of guilt from the exercise of their constitutional right to remain silent." *Wainwright*, 474 U.S. at 291 n.7. Also, in rejecting Florida's attempt to rely on the holding in *Neville* to justify its usage of the defendant's silence against him, the *Wainwright* Court noted, "To the extent that the Attorney General seeks to rely on *Neville*'s Fifth Amendment holding, his argument is inapposite because the *Doyle* analysis rests on the Due Process Clause, not the Fifth Amendment." *Id*. at 293 n.10.

In short, the Defendant objected below on the basis of "burden-shifting" and, later in the proceedings, his right to remain silent. On appeal, he raises a due process claim that was never presented to or ruled upon by the trial court. The Defendant's constitutional claim challenging admission of this evidence is waived.

Whether we engage in plenary or plain error review, however, I cannot see how the alleged error here would entitle the Defendant to relief. Under plenary review, I would conclude that the alleged error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24 (1967). For the same reasons, I would conclude in a plain error analysis that consideration of the error is not "necessary to do substantial justice." *Adkisson*, 899 S.W.2d at 642.

In the context of the entire trial, I agree with the trial court's assessment of the forfeiture proceedings evidence as not being a "significant issue." The forfeiture order

itself does not explicitly reference the Defendant's silence, only that "[no petition] has been filed by any person asserting a claim to, or proof of a security interest in" the seized money. This portion of the order was not read to the jury, and the record does not indicate that the order otherwise was published to the jury during the presentation of proof. The prosecutor briefly referenced the order in closing argument but only to demonstrate the arresting officer "followed up on the money[,]" which was the trial court's stated reason for admitting the order. As aptly noted by the trial court, this evidence could cut both ways. While it supported the State's contention that the officer conducted a thorough investigation, it also supported the defense's theory that the officer only brought felony charges so he could seek forfeiture of the $884 in currency.

Ultimately, the forfeiture evidence was a small sideshow to the more pertinent evidence in this case. The Defendant possessed 2.14 grams of fentanyl and 3.1 grams of methamphetamine, amounts that were inconsistent with personal use. The drugs were packaged in individual baggies, which is consistent with their being possessed for the purpose of sale or delivery. While two pipes were found in the Defendant's vehicle, police also found two digital scales there and $884 in small bills in the Defendant's pants pocket. This evidence strongly points to the Defendant's intent to sell or deliver the drugs in question. Any error in admitting the forfeiture order was harmless beyond a reasonable doubt. Alternatively, and for the same reasons, consideration of any error on this point is not necessary to do substantial justice.

Accordingly, I concur in the result reached by the lead opinion as to the civil forfeiture evidence.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE