**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Morris Ray CALDWELL, Defendant-Appellant.**

**No. 71-2726.**

United States Court of Appeals, Ninth Circuit.

Aug. 25, 1972.

Burton Marks, Beverly Hills, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Paul H. Sweeney, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH and GOODWIN, Circuit Judges, and PLUMMER,* District Judge.

* Honorable Raymond E. Plummer, Chief Judge, United States District Court, Anchorage, Alaska, sitting by designation.

PER CURIAM:

Following a joint trial, Morris Ray Caldwell (appellant) and his co-defendant Lee Marshall Harris, were convicted of receiving, etc. marihuana and amphetamine tablets smuggled into the United States from Mexico. 21 U.S.C. § 176a and 18 U.S.C. § 545. Each duly noticed an appeal. However, Harris was considerably more prompt than appellant in perfecting his appeal. As a result, the Harris appeal was heard and decided by this court some time well before appellant's could be submitted. We summarily, and by unpublished order filed September 2, 1971, reversed the judgment against Harris on the ground that the evidence was manifestly insufficient to sustain the verdict.

Appellant now urges that the proof against him was likewise deficient. But the government, although questioning our ruling in *Harris*, counters with the assertion that the record does contain the further evidence relevant to appellant (but perhaps not to Harris) necessary to establish the essential element of appellant's scienter, an element which the government failed to prove in its case against Harris.

We disagree.

The "further evidence" relied upon by the government consisted of the testimony of the informer and business records kept by the telephone company of long distance calls.

The informer's testimony was to the effect that one Pablo, whom he, the informer, had been told was the "boss" of the smuggling operation, gave him a particular telephone number in Tijuana, Mexico. And the telephone company's records showed that, shortly before the smuggling occurred, a series of telephone calls were made to that number from a telephone in Los Angeles listed to appellant.

We entertain grave doubt that this evidence, even when considered in milieu,

would tend to show appellant's criminal complicity in committing the crimes charged against him. But we do not reach that problem. The record shows that the trial judge, recognizing the hearsay character of the informer's testimony concerning Pablo's role in the transaction with persons other than appellant, in effect, sustained an objection to its admission as against appellant, but permitted it to come in for the purpose of showing the informer's relationship with his Mexican connections. To that end, the trial judge admonished the jury:

> "Ladies and gentlemen of the jury, as I have previously instructed you and I instruct you again, with reference to the testimony of this witness, with reference to his testimony concerning the relationship between Hector, Pablo, Velasquez and himself, it is only to explain his actions, his actions in this transaction and for no other purpose, and you are to consider it only for those purposes, not for the truth of the statements made, but only to explain his conduct with reference to the transaction to which he testified he was personally involved in."

At the very least the government, in order to establish appellant's culpability, was required to adduce valid proof that Pablo was somehow involved in this illicit transaction. But this it failed to do.

The judge's admonition to the jury apparently went unheeded. But as the Court pointed out in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) this failure or disregard of such an instruction is simply a manifestation of human frailty.

The judgment is reversed and the cause is remanded to the District Court with direction to dismiss the action. This court's judgment shall issue forthwith, and no petition for rehearing will be entertained. Rule 2, F.R.App.P.