**Francis G. SCOTT, Petitioner,**

v.

**Richard M. OLIVER, Warden, et al., Respondents.**

**Misc. No. 77–8007.**

United States Court of Appeals, First Circuit.

Submitted Jan. 24, 1977.

Decided April 6, 1977.

Francis G. Scott, pro se on application for certificate of probable cause and memorandum in support thereof.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ON APPLICATION FOR CERTIFICATE OF PROBABLE CAUSE

PER CURIAM.

Petitioner Scott seeks a certificate of probable cause to appeal the district court's

denial of his petition for habeas corpus. We deny his application.

This case arises out of Scott's conviction for manslaughter. *State v. Scott*, Me., 1975, 343 A.2d 177. He pleaded not guilty to the crime itself, and also not guilty by reason of mental disease or defect. Prior to trial, on motion of defendant's counsel, the court ordered, pursuant to the Maine statute, 15 M.R.S.A. § 101, that defendant be examined by a psychiatrist, Dr. Jacobsohn. Petitioner appeals because of Dr. Jacobsohn's testimony on rebuttal for the state, claiming that his Fifth Amendment right against self incrimination was violated thereby, both generally, and in particular because Dr. Jacobsohn testified to a matter which defendant had related to him.

■ In this case we need not decide whether the Fifth Amendment might be violated by the introduction, in rebuttal to a defendant's evidence of insanity, of psychiatric testimony obtained by a compelled examination.* While the Maine statute may not be entirely clear on whether the pretrial psychiatric examination is limited to the purpose of determining competency to stand trial or may also encompass the question of sanity at the time of the alleged offense, the court's order in this case, which issued on defendant's motion, and without objection to its content, clearly stated that the examination was for both purposes. Defendant himself, according to Dr. Jacobsohn, stated that he understood the purpose of the examination to be to consider his sanity at the time of the alleged offense. Nor did defendant object when the state called Dr. Jacobsohn. Thus we find no compelled self incrimination warranting habeas corpus relief.

■ Petitioner's more specific objection arises from a statement Dr. Jacobsohn related while testifying concerning petitioner's memory, a matter relevant to his diagnosis,

* *Compare United States v. Alvarez*, 3 Cir., 1975, 519 F.2d 1036, *with United States v. Baird*, 2 Cir., 1969, 414 F.2d 700, *cert. denied*, 396 U.S.

"For instance, he remembers when the gun went off that he was sitting there with the gun in his hand."

Here also, defendant made no objection at trial. While it may be the better practice to give a contemporaneous instruction limiting such evidence to its use as a basis for the psychiatrist's testimony, and not for its truth, *see State v. Whitlow*, 1965, 45 N.J. 3, 210 A.2d 763, we find no prejudicial error affecting a substantial right, *United States v. Guest*, 1 Cir., 1975, 514 F.2d 777, 779. Not only did defendant's wife, the only eye witness, testify to defendant's firing the shot, but defendant's own confession to the shooting was admitted without objection.

*The certificate of probable cause is denied.*

1005, 90 S.Ct. 559, 24 L.Ed.2d 497; *United States v. Albright*, 4 Cir., 1968, 388 F.2d 719.