# IN THE COURT OF APPEALS OF IOWA

No. 13-1630
Filed August 5, 2015

**AMBUS DAVIS,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

     Ambus Davis appeals from the district court's denial of his application for postconviction relief.  **AFFIRMED.**

     Jack E. Dusthimer, Davenport, for appellant.

     Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Michael J. Walton, County Attorney, and Robert Cusack, Assistant County Attorney, for appellee State.

     Considered by Vaitheswaran, P.J., Potterfield, J., and Eisenhauer, S.J.*
Tabor, J., takes no part.

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Ambus Davis appeals the dismissal of his petition for postconviction relief. Davis contends his counsel was ineffective for failing to argue that willful injury could not be used as the predicate felony for the felony-murder rule. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a).

Davis was convicted of first-degree murder after a bench trial on December 27, 2005. The district court did not, in its verdict, specify whether Davis was guilty of first-degree murder because he "acted willfully, deliberately, premeditatedly, and with a specific intent to kill" or because he "was participating in the offense of willful injury causing serious injury or assault resulting in serious injury"; the latter of which fell under the felony-murder rule.

On August 25, 2006, the Iowa Supreme Court decided *State v. Heemstra*, which overruled prior law allowing willful injury to serve as the predicate felony for felony-murder purposes—willful injury now merges into murder. 721 N.W.2d 549, 558 (Iowa 2006). Davis's direct appeal was pending at the time. The court addressed the retroactivity of *Heemstra* in its decision, stating "the rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court." *Id.*

At trial, Davis's counsel did not raise the issue of whether willful injury could be used as the predicate felony under the felony-murder rule. Prior to *Heemstra*, this argument had been unsuccessfully made in several cases. After *Heemstra* was decided, Davis sought to amend his appellate brief to include the

merger argument, but the court denied his request. Davis's conviction was upheld on direct appeal. *State v. Davis*, No. 06-0148, 2007 WL 601829, at *1-3 (Iowa Ct. App. Feb. 28, 2007). Davis then sought postconviction relief on several grounds, all of which were denied. He challenges the postconviction court's finding that Davis's trial counsel was not ineffective for failing to challenge the felony-murder law.

*Heemstra* announced a change in the law, and it is established counsel has no obligation to anticipate changes in the law. *See Heemstra*, 721 N.W.2d at 558 (overruling *State v. Beeman*, 315 N.W.2d 770 (Iowa 1982), and its progeny); *see also Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009) (noting that the ruling in *Heemstra* was clearly a change in the law and not merely a clarification); *Snethen v. State*, 308 N.W.2d 11, 16 (Iowa 1981) ("Counsel need not be a crystal gazer; it is not necessary to know what the law will become in the future to provide effective assistance of counsel.").

In deciding an ineffective-assistance claim, the focus is on whether a reasonably competent attorney would have raised the issue in controversy. At the time of Davis's trial, willful injury was still a valid predicate felony for the felony-murder rule. The fact Davis would have benefited from his attorney raising a not-yet-existent *Heemstra* challenge does not create a "duty of clairvoyance." *See Morgan v. State*, 469 N.W.2d 419, 427 (Iowa 1991). Counsel is not ineffective for failing to raise a meritless issue. *State v. Westeen*, 591 N.W.2d 203, 207 (Iowa 1999). The test to determine whether counsel is required to raise an issue is "whether a normally competent attorney would have

concluded that the question . . . was not worth raising." *State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003).

The postconviction court correctly noted that the change in law resulting from *Heemstra* was clearly and repeatedly rejected by controlling precedent at the time of Davis's trial. A normally competent attorney could easily conclude a challenge to a law that had always failed would continue fail and thus was not worth raising. Davis's counsel was not ineffective for failing to raise an issue that had clearly and repeatedly been rejected, despite its subsequent success. We affirm the denial of Davis's postconviction-relief application.

**AFFIRMED.**