# IN THE COURT OF APPEALS OF IOWA

No. 14-1206
Filed December 23, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DAVID ROY RICKEY SR.,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.

Defendant appeals from his conviction and sentence for sexual abuse in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Fiala, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

David Rickey Sr. appeals from his conviction and sentence for sexual abuse in the second degree. Rickey raises several alleged errors on appeal. First, he maintains he received ineffective assistance from trial counsel. He contends counsel was ineffective for failing to object to the jury's request to listen to an audio recording during deliberation and for failing to object to prior bad acts evidence. He also maintains the district court erred in its denial of his motion for new trial. Lastly, he maintains the district court abused its discretion in refusing to allow the defense to replay a portion of the complaining witness's interview in order to refresh her recollection.

Because the record is inadequate to address Rickey's claim that trial counsel was ineffective for failing to object to the replaying of the controlled call during jury deliberations, we preserve his claim for possible postconviction-relief proceedings. Because the evidence of Rickey's other bad act was admissible, trial counsel had no duty to object, and Rickey's second claim of ineffective assistance fails. We cannot say the district court abused its discretion in denying Rickey's motion for new trial and for refusing to allow him to replay a video of S.R.'s interview at the police station in order to refresh her recollection. We affirm.

**I. Background Facts and Proceedings.**

In the summer of 2013, S.R. got into trouble with the authorities for shoplifting and was put on probation. While on probation, she told her mother that Rickey had touched her inappropriately when she was approximately six

years old. S.R.'s mother conveyed the information to S.R.'s probation officer, and the local police began investigating.

On August 6, 2013, S.R. and Detective Joseph Roseman conducted a controlled call to Rickey. A recording was made of the telephone call.

On August 23, 2013, Rickey was charged by trial information with four counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3(2) (2003).

The first trial commenced on February 10, 2014. After the trial and deliberations, the jury was deadlocked, and a mistrial was declared.

A second jury trial commenced on May 28, 2014.

S.R. was seventeen years old at the time of the second trial. S.R. testified that Rickey touched her vagina with his hand on at least four separate occasions. The incidents occurred at the home of S.R.'s relative, whom Rickey was dating and living with at the time. S.R. testified that Rickey would sit with her on the couch, cover both of their laps with a blanket, and then rub her vagina inside of her pants. Rickey also made forts with S.R. using blankets and furniture in the kitchen. He touched her vagina while they were in the fort as well. S.R. could not testify exactly how many times it had occurred, but she testified it occurred "about four times, because I don't remember it happening like every time I went over there, like but I remember on more than a few occasions that it did happen." Additionally, the State submitted, and the district court admitted without objection by the defendant, the recording of the controlled call between S.R. and Rickey.

Approximately one hour into the jury's deliberation, the jury requested to hear the recording of the controlled call again. The defendant did not object, and

the jury was brought into the courtroom, and the recording was replayed. Approximately one and a half hours later, the jury sent a request to the court stating they would like to hear S.R.'s testimony again. With the agreement of both parties, the court provided the jury with instruction no. 28, which stated, "No audio recording of the testimony of the witnesses exists. Additionally, no transcript of the proceedings is available for your review. You must rely on your own recollection of the witness testimony."

On May 29, 2014, the jury returned a verdict finding Rickey guilty of one count of sexual abuse in the second degree and not guilty of two counts of sexual abuse in the second degree. The jury was unable to reach a decision on the final count, and it was ultimately dismissed.

On July 3, 2014, Rickey filed a motion for new trial. The same day, the district court denied the motion. Rickey was sentenced to a term of incarceration not to exceed twenty-five years, with a mandatory minimum of seventy percent.

Rickey appeals.

## II. Standard of Review.

We review claims of ineffective assistance of counsel de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). "Although we normally preserve ineffective-assistance claims for postconviction relief actions, "we will address such claims on direct appeal when the record is sufficient to permit a ruling." *Id.*

"We review a district court's ruling as to whether a verdict was contrary to the weight of the evidence for abuse of discretion." *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013).

We review the district court's evidentiary rulings for an abuse of discretion. *Id.*

## III. Discussion.

### A. Ineffective Assistance of Counsel.

The Sixth and Fourteenth Amendments of the United States Constitution provide a defendant is entitled to the assistance of counsel.[1] To prevail on a claim of ineffective assistance of counsel, the defendant must prove the following elements by a preponderance of the evidence: (1) trial counsel failed to perform an essential duty and (2) prejudice resulted from counsel's failure. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). We start with the presumption the attorney performed in a competent manner. *Id.* "Counsel has no duty to raise an issue or make an objection that has no merit." *State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008). Because Rickey has raised multiple claims of ineffective assistance of counsel, we look at the cumulative effect of the prejudice arising from those claims. *State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012). Prejudice is established when it is reasonably probable the result of the proceeding would have been different. *Schaer*, 757 N.W.2d at 637. Put another way, the question is whether our confidence in the verdict is undermined by counsel's deficient performance. *King v. State*, 797 N.W.2d 565, 574 (Iowa 2011). Rickey's claims fail if either element is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

**1. Failure to object: jury deliberation.** Rickey maintains trial counsel was ineffective for failing to object to the replaying of the controlled call during

---

[1] Rickey does not raise a state constitutional claim.

jury deliberations and for failing to object when the court refused to allow the jury to rehear S.R.'s testimony during deliberations.

Here, the district court admitted, without objection, an audio recording of a controlled call between S.R. and Rickey. On the recording, S.R. asks Rickey to apologize for touching her "down there in her pants." Eventually, Rickey apologizes although he maintains he just "rubbed [her] a little bit" and that she "put [his] hand down there." The recording was played to the jury once during the trial and again during the State's closing arguments. Approximately one hour into deliberation, the jury requested to listen to the controlled call again. The jury was then brought into the courtroom, and the audio of the call was played again in its entirety. Approximately an hour and thirty minutes later, the jury requested "to hear the testimony of [S.R.]." With the agreement of both parties, the court provided the jury with instruction no. 28, which stated, "No audio recording of the testimony of the witnesses exists. Additionally, no transcript of the proceedings is available for your review. You must rely on your own recollection of the witness testimony."

Approximately thirty minutes later, the jury sent another note, stating, "The jury has reached a verdict on count I. We are not able to reach a verdict on count II, count III, or count IV without access to the testimony of [S.R.]." The jury was instructed to re-read the instructions continue its deliberations. Rickey maintains he was prejudiced by the "overemphasis" on the controlled call.

Iowa Rule of Criminal Procedure 2.19(5)(e) provides, in part:

> Upon retiring for deliberations the jury may take with it all papers and exhibits which have been received in evidence, and the court's instructions; provided, however, the jury shall not take with it

depositions, nor shall it take original public records and private documents as ought not, in the opinion of the court, to be taken from the person possessing them.

This rule "leaves it to the trial court, in its discretion, to determine whether exhibits are to be taken by the jury during deliberation." *State v. Jackson*, 387 N.W.2d 623, 629 (Iowa 1986). In exercising its discretion, the trial court should consider, "(i) whether the material will aid the jury in a proper consideration of the case; (ii) whether any party will be unduly prejudiced by submission of the material; and (iii) whether the material may be subjected to improper use by the jury." *Id.* Additionally, other factors to be considered include "the reasonableness of the request, the ease or difficulty in complying with the request, and what is likely to be gained or lost" as well as "the threat of unbalanced emphasis on the testimony, the length of the requested testimony, the time consumed in jury deliberations prior to the request, the complexity of the issues in the case, and the nature and specificity of the requested evidence." *State v. Miller*, 535 N.W.2d 144, 147 (Iowa Ct. App. 1995).

The record before us is inadequate to address Rickey's claim, as we do not know what reasons trial counsel may have had for declining to object to the jury listening to the controlled call for the third time after the jury heard it once when it was admitted during trial and again during the State's closing argument. *See* Iowa Code § 814.7(3) (2015) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."). We prefer to preserve such claims for development of the record and to allow trial counsel to defend against the

charge. *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). Because the record is inadequate to address the claim on direct appeal, we must preserve it for a possible postconviction-relief proceeding, regardless of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

**2. Prior bad act.** Rickey also maintains trial counsel was ineffective for failing to object to the admission of evidence of other bad acts.

During the controlled call, S.R. alleged that Rickey had taken her into a back bedroom in the home and then pulled down his pants and exposed himself to her. S.R. also testified about the incident during direct examination.

Iowa Rule of Evidence 5.404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Evidence of a prior bad act is admissible where (1) the evidence is relevant to a legitimate disputed factual issue, (2) there is clear proof the individual against whom the evidence is offered committed the bad act, and (3) the probative value of the evidence substantially outweighs the danger of unfair prejudice to the defendant. *State v. Putman*, 848 N.W.2d 1, 9 (Iowa 2014).

Here, the other bad act is relevant because it goes to the defendant's alleged motive of sexual arousal or desire. Additionally, there was clear proof of the act. *See Putman*, 848 N.W.2d at 9 ("In assessing whether clear proof of prior misconduct exists, the prior act need not be established beyond a reasonable doubt, and corroboration is unnecessary. There simply needs to be sufficient

proof to prevent the jury from engaging in speculation or drawing inferences based on mere speculation." (internal citation and quotation marks omitted)). Although there is some danger of prejudice to the defendant, the probative value substantially outweighs the danger. Here, the jury was given a limiting instruction, stating:

> You have heard evidence that the defendant allegedly committed other acts with the alleged victim. If you decide the defendant committed these other acts, you may consider those acts only to determine whether the defendant has a sexual passion or desire for the alleged victim. You may not consider them as proving that the defendant actually committed the acts charged in this case.

The possible prejudicial effect of the other bad act evidence was mitigated by the instruction. *See State v. Becker*, 818 N.W.2d 135, 162 (Iowa 2012) ("[J]uries are presumed to follow the court's instructions."); *see also State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010) ("Limiting instructions will at times help minimize potential prejudice."). Our supreme court has found that "the potential of undue prejudice where prior sexual abuse is admitted in cases involving the same alleged perpetrator and victim is far less than in cases where the prior bad acts involve other alleged victims." *State v. Reyes*, 744 N.W.2d. 95, 102 (Iowa 2008). The court reasoned that the "evidence was . . . not offered to show a *general propensity* to be attracted sexually to young girls, but instead to demonstrate the nature of the defendant's relationship and feelings toward a *specific* individual." *Id.* at 103.

Because the other prior bad act evidence is admissible, Rickey's trial counsel had no duty to object. *See State v. Utter*, 803 N.W.2d 647, 652 (Iowa) ("[T]rial counsel has no duty to pursue a meritless issue . . . .").

**B. Motion for New Trial.**

Rickey maintains the district court abused its discretion is denying his motion for new trial because the jury's verdict was contrary to the weight of the evidence. He argues that the "only evidence that a sexual abuse took place is the testimony of S.R." and "[w]ith the inconsistencies in the record" and the "delays in reporting," the evidence "preponderates heavily against the verdict."

On a motion for new trial, the court may weigh the evidence and consider the credibility of the witnesses. *State v. Ellis*, 578 N.W.2d 655, 658 (Iowa 1998). "If the court reaches the conclusions that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted." *Id.* at 658–59.

In its denial of Rickey's motion, the district court stated:

> The Court had an opportunity to review the testimony of SR at trial, to see her body language, her emotional and physical responses to questions, her demeanor, her attitude, and the Court finds that SR was credible in her testimony, and, quite frankly, I believed her. Additionally, her testimony was corroborated by the recording.
> A reasonable jury could certainly find the certain elements of the recording constituted admissions. The Court finds upon the weight of the evidence that the jury verdict should be sustained and the motion should be denied.

We cannot say the district court abused its discretion in denying Rickey's motion for new trial. The inconsistencies in S.R.'s testimony were minor. She consistently maintained Rickey touched or rubbed her vagina a minimum of four times. Although at times she denied remembering specifics about the incidents and could not testify when exactly the abuse first occurred, she consistently stated it occurred at her relative's home while on the couch under a blanket and

in the kitchen when "building forts."  Additionally, one could find that Rickey made an admission during the controlled call.  Rickey apologized for rubbing S.R. "down there" although he maintained that S.R. was responsible for putting his hand there.

### C. Refreshing Witness's Recollection.

Rickey maintains the district court abused its discretion in sustaining the State's objection when the defendant wanted to replay the recording of the police interview in order to refresh S.R.'s recollection.

During the cross-examination of S.R., the following exchange occurred:

Q: Okay.  Do you remember telling the officer that you don't remember the first time it happened?  A: No, because I don't really remember the conference that we had.

Q: Okay.  Well, I'm going to play for you a portion of that interview when the officer asked that, okay?  A: Okay.

COUNTY ATTORNEY: Your honor, I object.  There's no apparent evidentiary purpose to play it.  It's already into evidence.

DEFENSE COUNSEL: There is, your Honor.  She doesn't remember what her response was.

THE COURT: Her response here in court has been the same as her response was during the interview.  The objection is sustained.

Q: And so you don't remember the first time it happened, right?  A: No.

Q: The number of times, when the officer asked you that, you didn't give any kind of answer, did you?  A: I don't remember what I said to him.

Q: Do you don't remember what you said to the officer.  All right, I'll play a portion of that for you, then.

COUNTY ATTORNEY: Your Honor, same objection.  That's already in evidence.  The best evidence rule would indicate that recording is the best evidence of what was said, not the witness's recollection of what was said.

THE COURT: Objection—

DEFENSE COUNSEL: Your Honor, I think it goes to the witness's ability and her ability to recall.  It's for the jury to decide.

THE COURT: The objection is sustained.  The jury has already heard the recording in its entirety, they've seen the video in

its entirety, and were able to hear the answers that were given and can use their own recollection of that.

Rickey maintains the district court abused its discretion in sustaining the State's objection because he should have been allowed to play the video, pursuant to Iowa Rule of Evidence 5.803(5), which states:

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Rule 5.803(5) is inapplicable to the present facts. The rule provides an exception for otherwise inadmissible hearsay to be admitted. Here, the recording was already admitted and played for the jury. The State was not objecting to the video being replayed because it contained inadmissible hearsay. Rather, it appears the basis for the State's objection was "undue delay, waste of time, or needless presentation of cumulative evidence." Iowa R. Evid. 5.403. We cannot say the district court abused its discretion is sustaining the State's objection. The video of S.R.'s police interview had already been played in its entirety for the jury just a short time before. Moreover, Rickey's counsel already successfully established S.R.'s suspect memory by the answer that she did not remember the conference she had with law enforcement. Although we agree defense counsel should ordinarily be given the opportunity to refresh the witness's memory, without a further explanation of how the defense was prejudiced by the district

court's ruling, we are unable to conclude there was an abuse of discretion under these facts.[2]

**IV. Conclusion.**

Because the record is inadequate to address Rickey's claim that trial counsel was ineffective for failing to object to the replaying of the controlled call during jury deliberations, we preserve his claim for possible postconviction-relief proceedings. Because the evidence of Rickey's other bad act was admissible, trial counsel had no duty to object, and Rickey's second claim of ineffective assistance fails. We cannot say the district court abused its discretion in denying Rickey's motion for new trial and for refusing to allow him to replay a video of S.R.'s interview at the police station in order to refresh her recollection. We affirm.

**AFFIRMED.**

---

[2] Because the video was admitted as an exhibit, the jury could have also requested to watch the video again during deliberation.