# IN THE COURT OF APPEALS OF IOWA

No. 16-0859
Filed June 7, 2017

**JOSEPH WAYNE MILLER,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jackson County, Mark R. Lawson,

Judge.

Joseph Miller appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Joseph Miller appeals the district court's denial of his application for postconviction relief. We find Miller's counsel was not ineffective. We also find the imposition of lifetime parole was not cruel and unusual. We affirm.

## I.  Background Facts and Proceedings

Between December 16, 2008, and February 25, 2009, Miller was engaged in a sexual relationship with a fourteen-year-old girl. At the time Miller was twenty-eight years old. The State filed a trial information March 6, charging Miller with sexual abuse in the third degree. During a deposition, Miller's trial counsel discovered the sexual relationship began when the victim was thirteen years old and that Miller had transported the victim across state lines. Trial counsel advised Miller to plead guilty in order to avoid an enhanced charge of sexual abuse in the second degree.

Miller pled guilty and was sentenced to prison for a term not to exceed ten years on June 12, 2009. He was also required to register as a sex offender and received a special sentence of lifetime parole under Iowa Code section 903B.1 (2009). During the plea colloquy, the district court informed Miller of the special sentence. Miller claims trial counsel did not inform him regarding the special sentencing provisions before the plea hearing. At the postconviction hearing, trial counsel could not specifically remember informing Miller about those provisions. Trial counsel also testified he did not discuss any possible terms of the lifetime parole.

Miller was released on parole in August 2014. Among various conditions for parole, Miller was not allowed to have contact with minor children, including

his own, could not communicate with the mothers of his children, could not use Facebook, and could not view pornography. During the postconviction hearing, Miller claimed he did not know these conditions were a possibility and he would have gone to trial if he had known.

Miller's parole was revoked December 2, 2014. He had been terminated from employment November 14, but had not notified his parole officer and continued to take a work furlough for three days. Miller claims his parole was revoked for using Facebook and viewing pornography. Miller was returned to prison and filed an application for postconviction relief, which the district court denied. He now appeals.

## II. Standard of Review

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991). Regarding ineffective assistance, an attorney is presumed competent, but the presumption is rebutted "by showing . . . counsel failed to perform an essential duty." *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). Counsel has breached an essential duty when an error is so serious counsel is not functioning as an advocate guaranteed by the Sixth Amendment. *Id.* "[W]e require more than a showing that trial strategy backfired or that another attorney would have prepared and

tried the case somewhat differently." *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984).

### III. Ineffective Assistance

Miller claims trial counsel was ineffective for failing to advise him of possible consequences and conditions of lifetime parole. Miller was sentenced in June 2009, became aware of the prohibitions regarding children in 2013, and was unaware of all other restrictions until 2014. Likewise, trial counsel could not have been aware of the consequences and conditions of parole as they were not set until well after the plea. Our supreme court has held "[c]ounsel need not be a crystal gazer; it is not necessary to know what the law will become in the future to provide effective assistance of counsel." *Snethen v. State*, 308 N.W.2d 11, 16 (Iowa 1981). Similarly, counsel cannot be expected to divine the future conditions of parole, as requiring an accurate prediction of the future conditions of parole would essentially render every attorney sub-standard and ineffective. We find prophecy is not required to render effective assistance.

### IV. Cruel and Unusual Punishment

Miller also claims the imposition of lifetime parole constitutes cruel and unusual punishment as he claims it is grossly disproportionate to his crime. To determine if a sentence is grossly disproportionate, Iowa courts follow a three step procedure.

> The first step in this analysis, sometimes referred to as the threshold test, requires a reviewing court to determine whether a defendant's sentence leads to an inference of gross disproportionality. This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence. If, and only if, the threshold test is satisfied, a court then

> proceeds to steps two and three of the analysis. These steps require the court to engage in an intrajurisdictional analysis comparing the challenged sentence to sentences for other crimes within the jurisdiction. Next, the court engages in an interjurisdictional analysis, comparing sentences in other jurisdictions for the same or similar crimes.

*State v. Oliver*, 812 N.W.2d 636, 647 (Iowa 2012) (internal quotation marks and citations omitted).

However, "it is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." *Id.* Our court has found sexual crimes are "particularly heinous." *State v. Sallis*, 786 N.W.2d 508, 517 (Iowa Ct. App. 2009). Additionally, our legislature has specifically implemented this particular statutory scheme to protect children from being taken advantage of by significantly older abusers, taking into account the difference of age between the parties, as well as the age of the victim. Iowa Code § 709.4.

Miller claims his crime was a "Romeo and Juliet" relationship and, therefore, should be punished less severely; we disagree. Miller was nearly twice his victim's age and committed multiple acts of sexual abuse over six months. Miller also notes he sought and obtained permission from the victim's father. Miller should not be given any leniency because the victim's father allowed her to be abused. We find Miller has not met the threshold test, and therefore, "no further analysis is necessary." *See Oliver*, 812 N.W.2d at 650.

**AFFIRMED.**