# IN THE COURT OF APPEALS OF IOWA

No. 16-1796
Filed February 6, 2019

**MAURICE WALKER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Clinton County, Nancy S. Tabor,

Judge.


Maurice Walker appeals from the dismissal of his application for

postconviction relief. **AFFIRMED.**


Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee State.


Considered by Vogel, C.J., Vaitheswaran, J., and Gamble, S.J.*  Tabor, J.,

takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Maurice Walker appeals from the dismissal of his application for postconviction relief (PCR). We affirm.

On June 5, 2005, the county attorney filed a trial information charging Walker with two counts of murder in the first degree, in violation of Iowa Code sections 707.1, 707.2(1) or (2) (2005), for the killing of his ex-wife and her live-in boyfriend. Each count charged Walker with killing the victim "with malice aforethought either express or implied and willfully, deliberately, and with premeditation or while participating in a forcible felony, namely a burglary." By general verdicts, the jury convicted Walker of both counts of murder in the first degree following a 2006 trial.

On direct appeal, Walker alleged that there was insufficient evidence to support his convictions. Specifically, Walker argued the State had failed to rebut his alibi defense. This court upheld his conviction and affirmed the denial of his motion for judgment of acquittal. *State v. Walker*, No. 06-1005, 2007 WL 2120229, at *3 (Iowa Ct. App. July 25, 2007). The supreme court denied further review and procedendo issued on September 21, 2007.

Walker timely filed a PCR application, which was amended numerous times and finally tried in 2016. At the trial, Walker asserted twenty-one separate grounds of ineffective assistance of counsel. The district court denied the application and Walker appeals.

To establish a claim of ineffective assistance of counsel, Walker must establish by a preponderance of evidence (1) trial counsel failed in an essential duty and (2) that constitutionally-deficient performance resulted in prejudice, i.e.,

that the result of the trial probably would have been different. *See State v. Harris*, 891 N.W.2d 182, 185-86 (Iowa 2017). We conduct a de novo review of claims of ineffective assistance of counsel. *Goode v. State*, 920 N.W.2d 520, 525 (Iowa 2018).

On appeal, Walker contends his trial counsel breached an essential duty in failing to object to the court's felony-murder instruction. Walker argues *State v. Heemstra* should apply and he should be granted a new criminal trial. *See* 721 N.W.2d 549, 558 (Iowa 2006) ("We now hold that, if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes. In reaching this conclusion, we agree that we should not attribute to the legislature an intent to 'create[ ] an ever-expanding felony murder rule' by characterizing every willful injury as a forcible felony for felony-murder purposes." (citation omitted)).

In Iowa, the legislature has specified which felonies are classified as a "forcible felony" under the felony-murder rule in Iowa Code section 702.11(1). A forcible felony includes burglary in the first degree. Iowa Code § 702.11(1); *see State v. Harrison*, 914 N.W.2d 178, 191-93 (Iowa 2018) (discussing continuing viability of felony-murder rule). *Heemstra* is inapplicable because the predicate felony in Walker's case was burglary in the first degree, not willful injury. Defendants have been unsuccessful in extending the reasoning of *Heemstra* where the predicate felony was not the same act that caused the victim's death. *See Harrison*, 914 N.W.2d at 192; *Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009).

In any event, *Heemstra* is not applicable here because the issue was not raised during Walker's criminal trial. *See* 721 N.W.2d at 558 (concluding "[t]he rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal *in which the issue has been raised in the district court*" (emphasis added)). The fact that Walker's trial counsel was an experienced criminal defense attorney and *Heemstra* was pending on appeal at the time of Walker's trial is unavailing given the fact that the Iowa Supreme Court had not yet changed the law. Prior to *Heemstra*, Iowa courts adhered to the precedent of *State v. Beeman*, 315 N.W.2d 770, 776-77 (Iowa 1982) (stating willful injury could serve as the predicate felony for felony murder because willful injury is a forcible felony). *Beeman* was the controlling authority at the time of trial. Walker's counsel was not ineffective in failing to object to the felony-murder instruction. *See State v. Snethen*, 308 N.W.2d 11, 16 (Iowa 1981) ("Counsel need not be a crystal gazer; it is not necessary to know what the law will become in the future to provide effective assistance of counsel.").

We also reject the contentions of Walker's pro se supplemental appellate brief. *See Gamble v. State*, 723 N.W.2d 443, 445 (Iowa 2006). Walker asserts the PCR court erred in finding his trial counsel was not ineffective in a number of ways. Walker claims for the first time on appeal that his trial counsel was ineffective for failing to object to a jury instruction on first-degree burglary where there was no charge of burglary in the trial information. Walker did not raise this issue in the district court. He has failed to preserve error. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review

that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").  Further, while there was no separate charge of burglary, the trial court properly submitted burglary in the first degree as the predicate felony of felony murder.

On our de novo review of the remaining issues, we agree with the district court's thorough and well-reasoned findings and conclusions, as modified by its ruling on Walker's motion for a new PCR trial.  Finding no merit to Walker's contentions, we affirm without further opinion.  *See* Iowa Ct. R. 21.26(a), (b), (d), (e).

**AFFIRMED.**